CROWELL LAW
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OUTSIDEPRIDE.COM, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**DLF PICKSEED USA, INC.,**<br><br>Defendant. | Case No.:6:18-cv-00117<br><br>**COMPLAINT**<br>**DECLARATORY JUDGMENT**<br>**TRADEMARK NON-INFRINGEMENT**<br><br>JURY TRIAL REQUESTED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**TRADEMARK NON-INFRINGEMENT**

INTRODUCTION

1.   Plaintiff Outsidepride.com, Inc., ("OSP" or "Plaintiff") files this complaint for declaratory judgment against the Defendant DLF Pickseed USA, Inc. ("DLF" or "Defendant").

NATURE OF THE ACTION

2.   Plaintiff OSP seeks declaratory judgment of non-infringement of trademark rights asserted against Plaintiff by Defendant DLF. OSP further seeks declaratory judgment that any alleged trademark rights asserted by DLF against OSP are invalid and unenforceable.

3. DLF has asserted that OSP is infringing DLF's trademarks by selling OSP's trademark registered MINICLOVER® branded clover seed. OSP denies that it has infringed any trademark rights owned by DLF regarding the MINICLOVER® brand. OSP further submits that should any trademark registration owned by DLF extend to cover the OPS MINICLOVER® branding, then such is invalid due to long term or prior use by OSP and DLF's actual knowledge of such use extending back more than five years.

## THE PARTIES

4. OSP is a family owned Oregon corporation based in Independence, Oregon that sells seed and related supplies.  ( www.outsidepride.com )

5. Upon information and belief, DLF ( www.dlf.com ) is a part of the international DLF conglomerate based in Denmark, with domestic offices in Halsey, Oregon.  DLF is the successor in interests of a number of parties including Seed Research of Oregon ("SRO") acquired by DLF in 2013 through the acquisition of the Pickseed Group.  The companies are generally and collectively referred to as DLF.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (ii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Defendant DLF is also subject to the personal jurisdiction of this Court because DLF regularly maintains an office and registered agent in the State of Oregon and, therefore, is continuously present in the State of Oregon. In addition, its false assertions of infringement of

trademarks were directed to the Plaintiff in the State of Oregon. Thus, this Court has both general and specific personal jurisdiction over DLF.

8.      Venue for this action is proper in the District of Oregon under 28 U.S.C.§ 1391 because DLF is subject to the personal jurisdiction of this Court and operates in this Judicial District and thus qualifies as a resident of this Judicial District. In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the District of Oregon.

FACTUAL BACKGROUND

Factual Background and Rights of the Parties

9.      OSP is an Oregon business located in Dallas, Oregon. OSP sells seed and gardening supplies through online web pages including www.outsidepride.com and other venues such as www.amazon.com.

10.     DLF is a manufacturer and wholesaler of seeds and has in the past been a supplier to OSP, including supplying dwarf clover seed to OSP for sale under OSP's MINICLOVER® brand.

11.     Both OSP and DLF sell varieties of dwarf clover.  OSP sells dwarf clover under its MINICLOVER® registered mark, and DLF sells dwarf clover under its MICROCLOVER® registered marks.

12.     In November of 2008, DLF (then operating as SRO), registered a design mark for its dwarf clover seed under the MICROCLOVER brand, Reg. No. 3,532,903.  As a part of the registration process the mark was initially rejected and DLF was required to disclaim any rights to the term MICROCLOVER as this term was admitted to being descriptive.  DLF's registration was allowed on condition of the express disclaimer, "No claim is made to the exclusive right to use 'MICROCLOVER' apart from the [design] mark as shown."

13. In 2010 OSP began to purchase DLF MICROCLOVER branded product (then operating as SRO) for resale.

14. In 2010 DLF MICROCLOVER was only available blended with other seeds such as fescue grass. As OSP wished to market a pure dwarf clover seed it was forced to find a new source of dwarf clover seed.

15. In late 2011, OSP became aware of a strain of dwarf clover known as Aberace which was sold as pure seed and available for import. OSP contacted DLF (as SRO) to see if DLF could import the seed on its behalf and be a supplier of Aberace to OSP for use with its new MINICLOVER branded product.

16. In February of 2012, DLF (as SRO) began to import pure Aberace for OSP and sold OSP Aberace type dwarf clover seed for use in OSP's new pure seed MINICLOVER branded product.

17. OSP continued to purchase Aberace type dwarf clover from DLF for use with its MINICLOVER branded product, first buying from SRO then buying from DLF after the merger through 2012, 2013 and into 2014.

18. In January 2014, after several years of sales, OSP registered its trademark MINICLOVER, Reg. No. 4,464,307, with the Trademark Office in the Supplemental Register, also in response to a descriptive rejection office action.

19. In July of 2014 OSP began to source its MINICLOVER seed from a new supplier.

20. At all material times, DLF both independently and as SRO knew that OSP was importing and selling Aberace dwarf clover as MINICLOVER as DLF was the supplier for many years and began to import the pure seed product in 2012 only at OSP's request.

21. In August 2014, DLF then registered its mark MICROCLOVER in the principal register, Reg. No. 4,577,897, claiming the mark had become distinctive of by reason of DLF's substantially exclusive and continuous use of the mark in commerce for five years. 37 C.F.R. §2.41(a)(2).

22. At the time DLF made the claim for its second registration and represented to the Trademark Office that it had exclusive use of and rights to the MICROCLOVER mark, DLF knew OSP had been using the mark MINICLOVER, DLF had been supplying seed to OSP for use with its MINICLOVER mark for years, and DLF knew OSP had independently registered the MINICLOVER mark with the trademark office.

23. OSP and DLF are competitors in the marketplace for clover seed.

DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

24. Plaintiff incorporates and re-states the foregoing allegations.

25. On November 20, 2017, Defendant DLF threatened litigation against OSP, asserting that OSP is infringing DLF's claimed trademark rights in both the original MICROCLOVER mark Reg. No. 3,532,903 despite the express disclaimer, and also in the second after-acquired MICROCLOVER mark, Reg. No. 4,577,897.

26. DLF's initial threat was to pursue a petition for cancelation before the Trademark Trial and Appeal Board, providing a proposed draft petition.

27. Subsequently in discussions it was verified that Defendant was claiming confusion and damages and that their position was the marks could not coexist and OSP's use of MINICLOVER was infringing on the original MICROCLOVER mark, Reg. No. 3,532,903.

28. Such threats were communicated through telephone conversations and email which clearly and unambiguously articulated DLF's intent to bring claims and enforce their purported intellectual property rights.

29. Plaintiff's business is highly seasonal and Plaintiff cannot afford for DLF to now wait until a tactically beneficial time to bring claims against OSP and notice third party vendors such as Amazon.com of the dispute, resulting in product being pulled from the market as even a temporary shut down of a week or two in a critical seasonal window would result in substantial loss of sales.

30. There presently exists a justiciable controversy regarding the Plaintiff's right to market and sell dwarf clover under its registered MINICLOVER mark and a need for OSP to be able to do so free of any allegation by DLF that such conduct constitutes an infringement of any trademark or other right allegedly owned by DLF.

## FIRST CLAIM FOR RELIEF

(Unenforceability of Trademark – Word Mark)

31. Plaintiff incorporates and re-states the foregoing allegations.

32. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and a demand to cease and desist sale of the Plaintiff's product, Plaintiff seeks relief from this Court.

33. Plaintiff requests an order declaring the alleged trademarks for MICROCLOVER, Reg. No. 3,532,903 and Reg. No. 4,577,897 which are asserted by the Defendant, lack the requisite legal requirements to be protectable in the Principal Register and to be enforceable as to Plaintiff's goods and services.

## SECOND CLAIM FOR RELIEF

(Non-Infringement of Trademark)

34. Plaintiff incorporates and re-states the foregoing allegations.

35. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and a demand to cease and desist sale of the Plaintiff's product, Plaintiff seeks relief from this Court.

36. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress rights owned by DLF relating to the sale dwarf clover, either directly or by inducing others to infringe or by contributing to infringement by others.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a) An order declaring DLF's alleged trademarks for MICROCLOVER lack the requisite legal requirements to be protectable in the Principal Register and to be enforceable against OSP;

(b) An order declaring that OSP has not infringed any valid, distinctive and enforceable trademark or other intellectual property rights owned by DLF relating to the sale of clover;

(c) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to OSP; and

(d) An order awarding such other and further relief as this Court deems just and proper.

Dated: January 19, 2018

Respectfully submitted,

CROWELL LAW

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
503-581-1240
Of attorneys for the plaintiff